UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>09-CR-21010</u>

UNITED STATES OF AMERICA

vs.

ROBERT ANTOINE,

       Defendant.
_____/

## PLEA AGREEMENT

The United States of America and ROBERT ANTOINE, (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 9 of the Indictment charging him with Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Section 1956(h).

2. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that

*Exhibit #2*

advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory <u>maximum term of imprisonment of up to twenty years</u>, followed by a term of <u>supervised release of up to three years</u>. In addition to a term of imprisonment and supervised release, the Court shall impose a <u>fine of not more than $500,000, or twice the value of the property involved in the transaction</u>, whichever is greater, and may impose restitution. The defendant is also subject to a forfeiture judgment, as more fully described in Paragraphs 15 through 21 below.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5.  It is the prosecuting attorneys' duty to ensure that the special assessment has been paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant should be required to present evidence to the United States and the Court as to the reasons for his failure to pay.

6.  The Office of the United States Attorney for the Southern District of Florida and the United States Department of Justice, Criminal Division, Fraud Section and Asset Forfeiture and Money Laundering Section (hereinafter "the Offices") reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Offices further reserve the right to make any recommendation as to the quality and quantity of punishment.

7.  The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his

intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. However, the United States will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the United States and the probation office of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. <u>Applicable Guidelines Manual</u>: That the current United States Sentencing Commission Guidelines Manual in effect governs the defendant's sentencing in this case.

b. <u>Amount of Loss</u>: That the amount of funds within the scope of criminal activity the defendant agreed to jointly undertake, for purpose of Sections 2S1.1 and 2B1.1 of the Sentencing Guidelines, is $1,580,771.50.

c. <u>International Nature of Offense</u>: That a substantial part of the fraudulent scheme was committed from outside the United States, for purposes of Section 2B1.1(b)(9)(B).

d. <u>Guideline Calculation</u>: That the defendant's U.S.S.G. calculation should be calculated as follows:

§ 2S1.1(a)(1) Base offense level (incorporating the offense

level for § 2B1.1)..........................................................25

§ 2S1.1(b)(2)(B) Convicted under 18 U.S.C. § 1956..................2

---

**Total Offense Level ................................................................. 27**

9. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the Court, the United States and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor downward from the applicable sentencing guideline range in this case and agree that a sentence within the applicable guideline range is reasonable. Nothing in this Agreement will preclude either party from arguing sentencing factors under 18 U.S.C. § 3553.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands

further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously set forth in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

11. In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charges identified in paragraph one (1) above or otherwise fails to fully comply with any of the terms of this plea agreement, the Offices will be released from its obligations under this agreement, and the defendant agrees and understands that: (a) he thereby waives any protection afforded by the proffer letter agreements between the parties dated September 26, 2006 and January 25, 2010, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statement made by him as part of plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the government; (b) the defendant's waiver of any defense based on the statute of limitations or any other defense based on the passage of time in filing an indictment or information, referred to herein, shall remain in full force and effect; and (c) the defendant stipulates to the admissibility and authenticity, in any case brought by the Untied States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or his representatives to any state or federal agency and/or the Offices.

12. The defendant hereby knowingly and voluntarily waives any defense based on the statute of limitations or any other defense based on the passage of time in filing an indictment or information against the defendant with respect to any criminal offense in connection with the defendant's criminal conduct under this Indictment.

13. The Offices represent that the undersigned prosecutors are unaware of any information establishing the factual innocence of the defendant in the offense referred to in paragraph one (1) of this agreement. The Offices understand they have a continuing duty to provide such information establishing factual innocence of the defendant. The defendant understands that if this case were to proceed to trial, the Offices would be required to provide impeachment information relating to any informants or other witnesses. In addition, if the defendant raised an affirmative defense, the Offices would be required to provide information in its possession that supports such a defense. Further, if this case proceeded to trial, the Offices would be required to provide other information and materials in accordance with Fed. R. Crim. P. 16 and the Southern District of Florida's Standing Discovery Order. In return for the Government's promises set forth in this agreement, the defendant waives the right to receive in discovery any such information and materials other than information and materials establishing the factual innocence of the defendant, and agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of such information and materials other than information and materials establishing the factual innocence of the defendant.

14. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement. This waiver includes the right to

contest any matter that would have been subject to pre-trial determination, such as, venue, double jeopardy, statute of limitations, discovery, or suppression. The defendant is further aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

## FORFEITURE

15. The defendant agrees to forfeit to the United States, in the form of a money judgment against him: the sum of $1,580,771.50 in United States currency.

16. The defendant agrees that the above-listed property, the sum of $1,580,771.50 United States currency, constitutes an amount of proceeds derived from or traceable to the conspiracy to commit money laundering, in violation of Title 18, United States Code, Section

1956, to which the defendant has pled guilty, or is a substitute asset in lieu of property subject to forfeiture, and that the above-listed property is, therefore, subject to forfeiture pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code 982(b)(1) and Title 28, United States Code, Section 2461(c).

17. Defendant agrees to waive all interest in the property listed above for forfeiture in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for the property listed above and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment or that it violates the Ex Post Facto Clause of the Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to the forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

18. The defendant further agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or any further notification of any judicial or administrative forfeiture proceedings brought against the said assets. The defendant agrees to specifically waive any appeal for the forfeiture.

19. The United States agrees that it will deem the defendant's money judgment to the United States satisfied if the United States collects, from other co-conspirators, the full value of the proceeds derived from the conspiracy to which defendant has agreed to plead guilty. The parties agree that the proceeds derived from the conspiracy may include more than the money judgment to be entered in defendant's case.

20. The defendant knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.

(remainder of page intentionally left blank.)

21. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea hearing.

JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

By: _____  Date 2/19/10
    Aurora Fagan
    Assistant United States Attorney

DENIS J. McINERNEY, CHIEF
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By: _____  Date 2/19/10
    Nicola J. Mrazek
    Trial Attorney

RICHARD WEBER, CHIEF
ASSET FORFEITURE
 AND MONEY LAUNDERING SECTION,
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By: _____  Date 2/19/10
    Kevin Gerrity
    Trial Attorney

_____  Date 02/19/2010
ROBERT ANTOINE
DEFENDANT

_____  Date 2/19/10
DENNIS KAINEN
ATTORNEY FOR DEFENDANT ROBERT ANTOINE